**In re DOLLAR GENERAL CORP. FAIR LABOR STANDARDS ACT LITIGATION**

**No. MDL 1635.**

Judicial Panel on Multidistrict Litigation.

Nov. 9, 2004.

---

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of four actions pending, respectively, in the Northern District of Alabama, the Southern District of Georgia, the Southern District of Ohio, and the Western District of Oklahoma as listed on the attached Schedule A. Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by defendants Dolgencorp., Inc., and Dollar General Corporation (collectively Dollar General) for coordinated or consolidated pretrial proceedings of these actions in the Western District of Oklahoma. Plaintiffs in the Northern District of Alabama, Southern District of Ohio and Western District of Oklahoma actions oppose the motion. In the alternative, plaintiffs in the Northern District of Alabama action suggest that district as an appropriate transferee forum in the event the Panel orders transfer over their objections.

On the basis of the papers filed and hearing session held, the Panel finds that these four actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Alabama will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share questions of fact arising out of similar allegations that certain employees of Dollar General are entitled to overtime compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, including those with respect to certification of collective actions; and conserve the resources of the parties, their counsel and the judiciary.

 In selecting the Northern District of Alabama as transferee district, we observe that the action in this district has been pending significantly longer and is further advanced procedurally than the actions in the other districts. We also note that i) the judge presiding over the action in the Northern District of Alabama has gained familiarity with the issues involved in the litigation through, *inter alia*, his certification of an opt-in collective action under the FLSA; ii) at least some of the opposing plaintiffs support centralization in the Northern District of Alabama, in the alternative; and iii) this tribunal has the resources available to manage this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Alabama are transferred to the Northern District of Alabama and, with the consent of that court, assigned to the Honorable U.W. Clemon for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

### SCHEDULE A

*MDL–1635—In re Dollar General Corp. Fair Labor Standards Act Litigation*

*Northern District of Alabama*

*Edith Brown, et al. v. Dollar General Stores, Ltd., et al.,* C.A. No. 7:02–673

*Southern District of Georgia*

*Tina Depasquales v. Dollar General Corp.,* C.A. No. 4:04–96

*Southern District of Ohio*

*Karen Buckley v. Dollar General Corp.,* C.A. No. 2:04–484

*Western District of Oklahoma*

*Sheila Ann Hunsucker v. Dollar General Corp., et al.,* C.A. No. 5:04–165